UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-20913-CR-CHAMAS

UNITED STATES OF AMERICA,

   Plaintiff,

vs.

ALI CHAMAS,

   Defendant.
_____/

## DEFENDANT'S PSI OBJECTIONS

  Defendant, Ali Chamas, through undersigned counsel, hereby makes these objections to the presentence report ("PSI"):

### I. Factual Objections

  Mr. Chamas objects to the characterization of the facts in Paragraph 40 of the PSI. To be clear, Mr. Chamas is not a member of Hezbollah. Mr. Chamas was born in Lebanon but his immediate family moved to Paraguay over fifteen years ago and he has not travelled to Lebanon since then. While he may have extended family in Lebanon, with various political affiliations, his immediate family members including his father, mother, brothers and sisters are not members of Hezbollah. In fact, Mr. Chamas, who was born into a Muslim family, married a Christian woman in a church. Furthermore, he does not raise his children to identify with any particular religion. He believes that they should make those decisions on their own when they are adults. While Mr. Chamas's religious beliefs would not be ordinarily

relevant, under these circumstances they are relevant to demonstrate that any suggestion that he is aligned with Hezbollah is incorrect.

## II. Legal Objection to Drug Weight

Paragraph 22 of the PSI increases Mr.Chamas's offense level by 32 points by alleging that he is accountable for 39 kilograms of cocaine. Mr. Chamas objects and states that the amount of drugs he is responsible for attempting to import into the Unites States is <u>3 kilograms</u>. Mr. Chamas was arrested in Paraguay for allegedly attempting to ship 39 kilograms of cocaine to Istanbul, Turkey. There is no evidence that that shipment was tied to the United States in any way. While Mr. Chamas was in the custody of Paraguayan officials, DEA agents searched his phone and discovered conversations relating to the indicted conduct in this case. Mr. Chamas was communicating with a person in Texas regarding the importation of cocaine into the United States. The person, named Kuku, wired $6000 to Mr. Chamas through Money Gram. Mr. Chamas stated that he would ship Kuku 3 kilograms of cocaine on August 20, 2017. Mr. Chamas was arrested for the unrelated drug transaction involving Turkey the day before the shipment was to be sent to KuKu. No agent, report or witness claims that the attempted shipment to Turkey was intended for the United States or that Kuku was in any way associated with the Turkish transaction.

The August 19, 2016 event is not the relevant conduct of indicted actions for the attempted importation of cocaine into the United States. The question then is whether attempting to sell drugs to a separate person in an entirely different part

of the world is relevant conduct. U.S.S.G. § 1B1.3(a)(2), Relevant Conduct, provides that a defendant is held accountable for the acts "that were part of the same course of conduct or common scheme or plan as the offense of conviction." Thus, in a drug case, uncharged drugs are included "if they were part of the same course of conduct or part of a common scheme or plan as the count of conviction." U.S.S.G. § 1B1.3, comment. (backg'd). This does not include, however, misconduct that can be broken into discrete, identifiable units. *Id.* See also *United States v. Maxwell*, 34 F.3d 1006 (11th Cir. 1994). If the two acts are "isolated, unrelated events that happen only to be similar in kind," they do not constitute a single course of conduct "simply because they both involve drug distribution." *Id.* at 1011. *See also United States v. Hill*, 79 F.3d 1477 (6th Cir. 1996); *United States v. Sykes*, 7 F.3d 1331 (7th Cir. 1993). Here, there is no same course of conduct or common scheme or plan between the two events. Rather, they are "isolated, unrelated events." *Maxwell*, 34 F.3d at 1011. As such, the cocaine that was being sold to people in Turkey is not relevant conduct to the offense of attempting to send cocaine to Texas.

CONCLUSION

For all of the reasons stated herein, Mr. Chamas asks that this Court grant his objections and order the PSI modified accordingly. The applicable base offense level for 3 kilograms of cocaine is 26. After applying all other reductions listed in the PSI, his guidelines are 37-46 months.

Respectfully submitted,

MICHAEL CARUSO
FEDERAL PUBLIC DEFENDER

BY:    s/Bunmi Lomax
Bunmi Lomax
Assistant Federal Public Defender
Special A No. A5501975
150 West Flagler Street, Suite 1700
Miami, Florida 33130-1556
Tel:  305-530-7000
Fax:  305-536-4559
E-mail: bunmi_lomax@fd.org

## CERTIFICATE OF SERVICE

I HEREBY certify that on November 14, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/Bunmi Lomax*
Bunmi Lomax